1   **WO**                                                              MDR

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                       **FOR THE DISTRICT OF ARIZONA**

8

9   Jack D. Riggs,                           )   No. CV 10-2455-PHX-MHM (ECV)
                                             )
10              Plaintiff,                    )   **ORDER**
                                             )
11  vs.                                       )
                                             )
12  Sheriff Joe Arpaio, et al.,               )
                                             )
13              Defendants.                   )
    _____)

14

15          Plaintiff Jack D. Riggs, who is confined in the Maricopa County Durango Jail, has

16  filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and an

17  Application to Proceed *In Forma Pauperis* (Doc. 3).  The Court will dismiss the Complaint

18  with leave to amend.

19  **I.      Application to Proceed *In Forma Pauperis* and Filing Fee**

20          Plaintiff's Application to Proceed *In Forma Pauperis* will be granted.  28 U.S.C.

21  § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1).

22  The Court will assess an initial partial filing fee of $6.00.  The remainder of the fee will be

23  collected monthly in payments of 20% of the previous month's income each time the amount

24  in the account exceeds $10.00.  28 U.S.C. § 1915(b)(2).  The Court will enter a separate

25  Order requiring the appropriate government agency to collect and forward the fees according

26  to the statutory formula.

27  . . . .

28  . . . .

JDDL-K

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**II.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id. at 1950.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct.  Id. at 1951.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, No. 07-17265, 2010 WL 2947323, at *3 (9th Cir. Jul. 29, 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'"  Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*)).

1   If the Court determines that a pleading could be cured by the allegation of other facts,

2   a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the

3   action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court

4   should not, however, advise the litigant how to cure the defects.  This type of advice "would

5   undermine district judges' role as impartial decisionmakers."  Pliler v. Ford, 542 U.S. 225,

6   231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was

7   required to inform a litigant of deficiencies).  Plaintiff's Complaint will be dismissed for

8   failure to state a claim, with leave to amend because the Complaint may possibly be saved

9   by amendment.

10  **III.    Complaint**

11  In his three-count Complaint, Plaintiff sues Defendants Maricopa County Sheriff Joe

12  Arpaio and Maricopa County Supervisors Fulton Brock, Don Stapeley, Andrew Kunasek,

13  Max W. Wilson, and Mary Rose Wilcox.

14  In each count, Plaintiff alleges a violation of his right as a pretrial detainee to be free

15  from cruel and unusual punishment.  In Count One, he asserts that there are 53 people in an

16  area for only 16, which leaves two-thirds of the detainees to eat their meals on cement floors.

17  In Count Two, Plaintiff contends that he has been denied research material by Inmate Legal

18  Services.  He also raises issues about his right to representation.  In Count Three, Plaintiff

19  asserts that he is only served two meals per day, that the meals are 12 hours apart, that the

20  meals are inadequate notwithstanding the fact that they meet his daily caloric intake needs,

21  and that an "unsafe and combative atmosphere" exists because detainees ration their food.

22  He also contends that only 16 cups are distributed for 53 detainees.

23  In his Request for Relief, Plaintiff seeks monetary damages.

24  **IV.    Failure to State a Claim**

25  To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific

26  injury as a result of specific conduct of a defendant and show an affirmative link between the

27  injury and the conduct of that defendant.  See Rizzo v. Goode, 423 U.S. 362, 371-72, 377

28  (1976).  There is no *respondeat superior* liability under § 1983, and therefore, a defendant's

1   position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights

2   does not impose liability.  Monell v. New York City Department of Social Services, 436 U.S.

3   658, 691-92 (1978); Hamilton v. Endell, 981 F.2d 1062, 1067 (9th Cir. 1992); Taylor v. List,

4   880 F.2d 1040, 1045 (9th Cir. 1989).  "Because vicarious liability is inapplicable to Bivens

5   and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the

6   official's own individual actions, has violated the Constitution."  Iqbal, 129 S. Ct. at 1948.

7        Plaintiff has not alleged that any Defendant personally participated in a deprivation

8   of Plaintiff's constitutional rights, was aware of a deprivation and failed to act, or formed

9   policies that resulted in Plaintiff's injuries.  Thus, the Court will dismiss the Complaint,

10  without prejudice.

11  **V.    Leave to Amend**

12       For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state

13  a claim upon which relief may be granted.  Within 30 days, Plaintiff may submit a first

14  amended complaint to cure the deficiencies outlined above.  The Clerk of Court will mail

15  Plaintiff a court-approved form to use for filing a first amended complaint.  If Plaintiff fails

16  to use the court-approved form, the Court may strike the amended complaint and dismiss this

17  action without further notice to Plaintiff.

18       Plaintiff must clearly designate on the face of the document that it is the "First

19  Amended Complaint."  The first amended complaint must be retyped or rewritten in its

20  entirety on the court-approved form and may not incorporate any part of the original

21  Complaint by reference.  Plaintiff may include only one claim per count.

22       If Plaintiff files an amended complaint, Plaintiff must write short, plain statements

23  telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of

24  the Defendant who violated the right; (3) exactly what that Defendant did or failed to do;

25  (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's

26  constitutional right; and (5) what specific injury Plaintiff suffered because of that

27  Defendant's conduct.  See Rizzo, 423 U.S. at 371-72, 377.

28

JDDL-K                                                - 4 -

1   Plaintiff must repeat this process for each person he names as a Defendant.  If Plaintiff
2   fails to affirmatively link the conduct of each named Defendant with the specific injury
3   suffered by Plaintiff, the allegations against that Defendant will be dismissed for failure to
4   state a claim.  **Conclusory allegations that a Defendant or group of Defendants have**
5   **violated a constitutional right are not acceptable and will be dismissed**.

6   Plaintiff should take note that a pretrial detainee's claim for unconstitutional
7   conditions of confinement arises from the Fourteenth Amendment Due Process Clause rather
8   than from the Eighth Amendment prohibition against cruel and unusual punishment.  Bell
9   v. Wolfish, 441 U.S. 520, 535 and n.16 (1979).  Nevertheless, the same standards are applied,
10  requiring proof that the defendant acted with deliberate indifference.  See Frost v. Agnos,
11  152 F.3d 1124, 1128 (9th Cir. 1998).

12  Deliberate indifference is a higher standard than negligence or lack of ordinary due
13  care for the prisoner's safety.  Farmer v. Brennan, 511 U.S. 825, 835 (1994).  To state a claim
14  of deliberate indifference, plaintiffs must meet a two-part test.  First, the alleged
15  constitutional deprivation must be, objectively, "sufficiently serious"; the official's act or
16  omission must result in the denial of "the minimal civilized measure of life's necessities."
17  Id. at 834.  Second, the prison official must have a "sufficiently culpable state of mind," *i.e.*,
18  he must act with deliberate indifference to inmate health or safety.  Id.  In defining
19  "deliberate indifference" in this context, the Supreme Court has imposed a subjective test:
20  "the official must both be aware of facts from which the inference could be drawn that a
21  substantial risk of serious harm exists, and he must also draw the inference."  Id. at 837
22  (emphasis added).

23  A first amended complaint supersedes the original complaint.  Ferdik v. Bonzelet, 963
24  F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542,
25  1546 (9th Cir. 1990).  After amendment, the Court will treat an original complaint as
26  nonexistent.  Ferdik, 963 F.2d at 1262.  Any cause of action that was raised in the original
27  complaint is waived if it is not raised in a first amended complaint.  King v. Atiyeh, 814 F.2d
28  565, 567 (9th Cir. 1987).

**VI.    Warnings**

    **A.    Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result in dismissal of this action.

    **B.    Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

    **C.    Copies**

Plaintiff must submit an additional copy of every filing for use by the Court.  See LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

    **D.    Possible "Strike"**

Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

    **E.    Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  See Ferdik, 963 F.2d at

1   1260-61 (a district court may dismiss an action for failure to comply with any order of the
2   Court).

3   **IT IS ORDERED:**

4           (1)      Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 3) is **granted**.

5           (2)      As required by the accompanying Order to the appropriate government agency,
6   Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $6.00.

7           (3)      The Complaint (Doc. 1) is **dismissed** for failure to state a claim.  Plaintiff has
8   **30 days** from the date this Order is filed to file a first amended complaint in compliance with
9   this Order.

10           (4)      If Plaintiff fails to file an amended complaint within 30 days, the Clerk of
11   Court must, without further notice, enter a judgment of dismissal of this action with prejudice
12   that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

13           (5)      The Clerk of Court must mail Plaintiff a court-approved form for filing a civil
14   rights complaint by a prisoner.

15           DATED this 22nd day of November, 2010.

16

17

18   _____
19              Mary H. Murguia
           United States District Judge
20

21

22

23

24

25

26

27

28